# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON A. ENMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-307-DBH |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

In this Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge erroneously treated the medical evidence, wrongly credited the opinions of non-examining state-agency physicians and failed to adopt all of the functional limitations assigned to him by a treating physician, was required to consult a medical expert at the hearing, and mistakenly found that his depressive disorder was not a severe impairment. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from diabetes with

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific facts upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

diabetic peripheral neuropathy in bilateral lower extremities and obesity, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 14-16; that he had the residual functional capacity ("RFC") to perform light work, except that he could stand and/or walk for 2 hours out of an 8-hour workday, sit for about 6 hours out of an 8-hour workday, never operate foot controls, never climb ladders, ropes, or scaffolds, but occasionally climb stairs or ramps, balance, stoop, crouch, kneel, or crawl, must avoid temperature extremes, vibration in the lower extremities, unprotected heights, and irregular terrain, Finding 4, *id.* at 16; that, given his age (35 on the day the application for benefits was filed, August 16, 2010, at least high school education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 5-9, *id.* at 18; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time from August 16, 2010, through the date of the decision, July 2, 2012, Finding 10, *id.* at 19. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2 Issue

The plaintiff asserts that the medical records that he provided "provide ample evidence that the Plaintiff's depressive disorder has more than a *de minimis* impact on his basic work activities." Statement of Errors ("Itemized Statement") (ECF No. 19) at 14. While that is the applicable legal standard, were the evidence that the plaintiff lists the only evidence on this point, a plaintiff must also demonstrate that the outcome of his claim would have been different if this Step 2 finding had been made. *E.g., Webber v. Colvin*, No. 2:13-cv-00236-NT, 2014 WL 3530705, at *3 (D. Me.

3

July 15, 2014) Here, the plaintiff argues that such a finding "would have resulted in the ALJ incorporating into his RFC nonexertional restrictions due to this severe impairment that would have likely excluded jobs, such as having interruptions during the workday." *Id.*

Interruptions in the workday of unspecified frequency, duration, or nature that would exclude unspecified (but not all) jobs from the universe of those otherwise available to the plaintiff constitute an insufficient presentation on this issue. More significant is the fact that there is ample evidence in the record to support the administrative law judge's conclusion that the plaintiff's "medically determinable mental impairment of depression[] does not cause more than minimal limitation in [his] ability to perform basic mental work activities and is therefore nonsevere." Record at 14. In addition to the administrative law judge's extensive discussion of his reasons for this conclusion, *id*. at 14-15, both of the state-agency psychologists who reviewed the plaintiff's medical records concluded that he had no severe mental impairment. *Id*. at 88, 241. This is substantial evidence supporting the administrative law judge's conclusion. Nothing further is required.

### B. RFC – Substantial Evidence

The plaintiff challenges the administrative law judge's conclusion that the objective evidence "does not support the elevated level of impairment alleged[,]" *id*. at 17, attacking each example included in the paragraph in which the administrative law judge expands on this finding. Itemized Statement at 7-10.

The first such example noted by the plaintiff[2] is the fact that an ultrasound of the plaintiff's lower extremities in March 2009 "revealed no evidence of significant peripheral arterial disease[.]"

---

[2] Before this statement, the administrative law judge also noted that "[t]he [plaintiff] is affected by diabetes and diabetic neuropathy in his lower extremities. It is not optimally controlled with medication. Lab reports indicate consistently elevated glucose levels." Record at 17 (citations omitted).

Record at 17. The plaintiff asserts, without citation to authority, that peripheral arterial disease and peripheral neuropathy are "completely different" things, making this example irrelevant. Itemized Statement at 8. This presentation suggests that the plaintiff is drawing conclusions based on raw medical evidence, which he, like the administrative law judge and the court, may not do.[3] *See, e.g., Labonte v. Astrue*, Civil No. 09-358-P-S, 2010 WL 2024895, at *2 (D. Me. May 18, 2010).

The second example addressed by the plaintiff is that "treatment notes make no mention of the severe ambulatory difficulties alleged by the [plaintiff]." Record at 17. The plaintiff asserts, without citation to the record, that his treating primary care physician noted that he "complains of severe neuropathic pain in his feet." Itemized Statement at 8. Perhaps realizing that this observation does not address the substance of the administrative law judge's statement, he contends that "[t]he absence in Dr. Buckberg's office visit notes of statements by the Plaintiff that he can't stand and/or walk for more than 15 minutes at a time (as he testified at the hearing) does not mean that he has not [experienced] and is not experiencing such limitations." *Id.*

That may well be, but the argument again misses the point. It is not merely the fact that the plaintiff did not report such limitations to his primary care physician upon which the administrative law judge may rely, but also the fact that the physician makes no such observations nor notes any such conclusions of her own. *See, e.g., O'Bannon v. Colvin*, Civil No. 1:13-cv-207-DBH, 2014 WL 1767128, at *4 (D. Me. Apr. 29, 2014). The plaintiff takes nothing by this argument.

---

[3] At least one physician in one Social Security case has stated that peripheral neuropathy is "related to" peripheral arterial disease. *Wilson v. Commissioner of Soc. Sec.*, No. 08-11925, 2009 WL 3270592, at *12 (E.D. Mich. Sept. 30, 2009).

5

The third example challenged by the plaintiff is the administrative law judge's statement that "[t]reatment notes indicate difficulties losing weight and exercising regularly." Record at 17. Of this finding, the plaintiff says only that "the fact that [he] has been unable to exercise effectively supports a finding 180 degrees different from what the ALJ contends—it's the Plaintiff's bilateral foot pain that prevents him from doing much exercise." Itemized Statement at 9-10. The plaintiff cites no evidence from the record to support this speculation, and, more important, this fact also reasonably supports the conclusion drawn by the administrative law judge. "[T]he applicable test in this court is not whether a preponderance of the evidence supports a conclusion other than that of the administrative law judge, but rather whether substantial evidence supports the administrative law judge's conclusion." *Caiazzo v. Colvin*, No. 2:13-cv-00155-JAW, 2014 WL 1569529, at *2 (D. Me. Apr. 17, 2014).

The fourth and final example challenged by the plaintiff is the observation that "[a]s of November 2011, he was not taking medication or monitoring his sugars." Record at 17. The plaintiff contends that this single instance "does not provide substantial evidence to support the ALJ's finding, particularly when it is recorded at almost every other office visit that the Plaintiff has been taking his medication as prescribed and monitoring his blood sugars." Itemized Statement at 10. However, the applicable test is not whether each individual piece of evidence mentioned by an administrative law judge alone provides substantial evidence to support the conclusion at issue, but rather whether there is substantial evidence in the record as a whole to support that conclusion. *See, e.g., Titus v. Astrue*, No. 1:11CV01286, at *5 (N.D. Ohio July 31, 2012); *Ledesma v. Astrue*, No. C 10-5260 EDL, 2012 WL 424415, at *19 (N.D. Cal. Feb. 9, 2012). Assuming *arguendo* that the plaintiff is correct as to this single item of evidence, any error by the administrative law judge could not be other than harmless.

The plaintiff is not entitled to remand based on this argument.

## C. DDS Physicians' Opinions

The plaintiff contends that the opinions of the two state-agency, non-examining physicians "do not reflect the Plaintiff's standing and walking limitations" found by his treating physician, Dr. Buckberg, which he argued were improperly excluded from the RFC assigned to him by the administrative law judge, thus rendering those opinions unavailable as substantial evidence to support the RFC. Itemized Statement at 10-11.

This argument, based on the proposition that the fact that some of a treating physician's opinions are inconsistent with those of state-agency reviewing physicians who reviewed those opinions (and the fact that the claimant's testimony was consistent with the treating physician's conclusions) renders any conflicting opinion expressed by those state-agency physicians unavailable as evidence to support the administrative law judge's RFC, is merely a recasting of the argument, uniformly rejected by courts reviewing Social Security benefit appeals, that the opinions of a treating physician must always be given controlling weight. *See, e.g., Roberge v. Colvin*, No. 2:13-cv-289-GZS, 2014 WL 3548985, at *5 (D. Me. July 17, 2014). The argument is unavailing.

## D. Treating Physician's Opinions

The plaintiff's next assertion of error concerns the weight given by the administrative law judge to certain of Dr. Buckberg's opinions about his functional limitations. Itemized Statement at 11-12. Specifically, he faults the administrative law judge for failing to adopt all of Dr. Buckberg's specific functional limitations after stating that "her specific functional limitations are granted evidentiary weight[.]" Record at 17.

The plaintiff contends that, had the administrative law judge adopted all of Dr. Buckberg's specific functional limitations as to standing, sitting, and taking unscheduled breaks,[4] his RFC would have been "reduced . . . to less than the sedentary work level." Itemized Statement at 12. He asserts that these limitations "are consistent with [Dr. Buckberg's] treatment notes, physical examination findings, and treatment prescribed." *Id*. That may well be, but that does not mean that the administrative law judge was required to adopt those limitations verbatim.[5]

In this case, the administrative law judge adopted RFC limitations that are supported by the opinions of the state-agency physicians, who reviewed Dr. Buckberg's opinions and records. *Compare, e.g.,* Record at 16 *with id.* at 256-59. Other than his earlier contention that a treating physician's opinions must always override those of state-agency reviewers so long as those opinions are consistent with the treating physician's records and the claimant's subjective testimony, which I have rejected, the plaintiff offers no argument in support of his position on this issue, which he treats separately in his itemized statement. Accordingly, he is not entitled to remand on the basis of this issue.

### E. Medical Expert

The plaintiff acknowledges this court's repeated holding that the decision to obtain the testimony of a medical advisor at the hearing on a plaintiff's claim for benefits is a matter left to

---

[4] The plaintiff identifies these limitations as "the Plaintiff must not stand in one place continuously for more than 15 minutes; cannot tolerate the standing requirements for sedentary work, *i.e.*, 2 hours in an 8-hour day; must be permitted to freely alter positions between sitting and standing as needed; and would need unscheduled breaks from work for pain relief and to test blood sugars, eat and/or administer insulin." Itemized Statement at 12. Dr. Buckberg also opined that the plaintiff could perform sedentary work. Record at 377.

[5] At oral argument, the plaintiff's attorney contended that the administrative law judge did not explain what he meant by "evidentiary weight," and that omission alone entitles the plaintiff to remand. This argument was not raised in the plaintiff's itemized statement and, accordingly, has been waived. I note, however, that this term is used frequently in Social Security case law and administrative law judges' opinions, where it is almost always used in a relative sense, evaluating the relative weight to be given to two or more pieces of evidence. That is clearly the manner in which it was used by the administrative law judge in this case, Record at 17, and the failure of counsel to cite any authority in support of this argument is one more reason to reject it.

the commissioner's discretion. Itemized Statement at 12. Nonetheless, he argues that it is "material error" for an administrative law judge to fail to obtain such testimony "where an administrative law judge's RFC is unsupported by substantial evidence." *Id*. at 13. He cites *Anderson v. Astrue,* No. 1:11-cv-476-DBH, 2012 WL 5256294, at *5 (D. Me. Sept. 27, 2012), in support of his position. In that case, I wrote that the omission of testimony from a medical expert "would have been material only if the administrative law judge's RFC finding was unsupported by substantial evidence." *Id*.

However, that language begs the question. It does not provide a Social Security plaintiff with an independent basis for remand, nor does it overrule the long-standing principle of commissioner discretion first cited by the plaintiff. This issue, as presented by the plaintiff here, will generally be superfluous. That is, if the court concludes that substantial evidence supports the stated RFC, this issue, by the very language quoted by the plaintiff, is not reached. If the court concludes that the stated RFC is not supported by substantial evidence, that conclusion provides the basis for remand. Once such a finding is made, the presence or absence of a medical expert at the hearing is irrelevant.

## II.    Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

9

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 1st day of October, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge